SHAWN A. KEMP,

        Plaintiff,

v.                                                                         Case No. 23-cv-825-pp

EKSTEIN, JOHN DOE
and BARKHURST,

        Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE

        Shawn A. Kemp, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

        The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On June 29, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $23.33. Dkt. No. 5. The court received that fee on July 20, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

"accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names as defendants Correctional Officers Ekstein and John Doe and Sergeant Barkhurst. Dkt. No. 1 at 1–2. The plaintiff alleges that just after 7:00 p.m. on March 17, 2023, Officer Ekstein was escorting a nurse who was passing out medication in the Restricted Housing Unit (RHU). Id. at 2. He says that when Ekstein passed his cell, he told the plaintiff that the plaintiff "had a nice box." Id. He says Ekstein said this while the plaintiff was changing clothes and was naked. Id. The plaintiff alleges that the same day, he told

Officer John Doe that he needed to make a complaint over the telephone under the Prison Rape Elimination Act (PREA). Id. at 2–3. Officer Doe told the plaintiff "he would be back," but he never returned. Id. The plaintiff alleges that at 7:15 p.m., Sergeant Barkhurst was on his unit range in the RHU. Id. at 3. The plaintiff tried to stop Barkhurst, telling her that he needed to make a PREA complaint because he was "sexually commented on by staff." Id. He says Barkhurst ignored him, kept walking and said, "Well I can't do anything about it." Id.

The plaintiff asserts that the defendants violated his rights under the Fourth, Eighth and Fourteenth Amendments. Id. He seeks monetary damages and "a change in policy to better report these types of situations." Id. at 4.

C. Analysis

The complaint does not state a claim under the Constitution. The complaint alleges that Officer Ekstein walked by the plaintiff's cell while the plaintiff was changing and was naked, and told him that he "ha[d] a nice box." The plaintiff perceives that to have been a sexual comment. If Eckstein did make such a comment, and meant something sexual by it, such a comment would have been inappropriate, and the plaintiff found it offensive. But except in exceptional circumstances, verbal harassment or unprofessional comments from prison officials do not constitute a violation of the Eight Amendment. See Beal v. Foster, 803 F.3d 356, 357–58 (7th Cir. 2015); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000), abrogated in part on different grounds by Savory v. Cannon, 947 F.3d 409, 423–24 (7th Cir. 2020) (*en banc*). For verbal or

sexual comments to reach the unconstitutional level, the plaintiff must allege that the comments were repeated or pervasive, constituted a threat to harm or cause physical injury or otherwise created a risk of harm. See Lisle v. Welborn, 933 F.3d 705, 717–18 (7th Cir. 2019). Comments that are considered "'fleeting' or 'too limited to have an impact'" do not violate the Constitution. Thomas v. Lehman, Case No. 20-cv-219-PP, 2020 WL 6382927, at *4 (E.D. Wis. Oct. 30, 2020) (quoting Beal, 803 F.3d at 358).

The plaintiff's allegations do not meet the threshold for a constitutional violation. The plaintiff says that Ekstein made a single, fleeting comment on one occasion as he passed the plaintiff's cell. He does not allege that Ekstein's comment was made in front of other incarcerated persons, that any other incarcerated person heard the comment or was aware of it or that the comment put the plaintiff at risk of harm. Nor has the plaintiff alleged that Ekstein often or frequently makes similar comments. Nothing the plaintiff says about Ekstein's comment suggests it was anything more than a single, possibly unprofessional, inappropriate comment made to the plaintiff. The court does not condone prison staff making sexual comments to incarcerated persons. But the court cannot conclude that the comment violated the plaintiff's constitutional rights. See Alvarado v. Barbeau, No. 22-cv-288, 2022 WL 2275152, at *3 (E.D. Wis. June 23, 2022) (dismissing incarcerated plaintiff's claim against correctional officer who once "comment[ed] that his penis was small").

The plaintiff alleges that Officer Doe and Sergeant Barkhurst did not assist him in filing a complaint under the PREA.

> Where an inmate complaint concerns sexual abuse or sexual assault, the Prison Rape Elimination Act (PREA) is implicated. Under Wis. Admin. Code § DOC 310.08, PREA has its own complaint procedure. The "provisions apply to complaints alleging sexual abuse or sexual assault." Wis. Admin. Code § DOC 310.08. There is no time limit by which an inmate must file a complaint concerning sexual abuse or sexual harassment. Wis. Admin. Code § DOC 310.08(1). Nor is an inmate required to informally resolve the issue with the officer she is complaining about. Wis. Admin. Code § DOC 310.08(2). Any complaints filed under Wis. Admin. Code § DOC 310.08 are referred for a PREA investigation. Wis. Admin. Code § DOC 310.08(3). While "[t]ime frames are waived for PREA related complaints, this does not apply to PREA related complaint appeals." Wis. Admin. Code § DOC 310.08(7).

Dotson v. Faulkner, No. 20-CV-1767, 2022 WL 1810698, at *2 (June 2, 2022). But "42 U.S.C. §1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations and police practices." Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003). If Doe and Barkhurst interfered with the plaintiff's ability to access the PREA procedure under state law, he may have a *state-law* claim against them. But because he has not alleged a constitutional violation in this federal case, the court does not have original jurisdiction, so it cannot exercise supplemental jurisdiction over any state-law claims against Doe or Barkhurst. See 28 U.S.C. §1367(a) (federal courts may exercise supplemental jurisdiction over claims related to claims over which the court has original jurisdiction).

Because the circumstances the plaintiff describes in his complaint do not amount to cruel and unusual punishment, the complaint does not state a claim for relief under the Eighth Amendment, and the plaintiff's claims against

Doe and Barkhurst are state-law claims. Although district courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is *certain*' that amendment would be futile." See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). The complaint is thorough in its allegations of facts surrounding his claim, but those facts do not state a claim recognized by the Constitution. Further allegations would not change the court's conclusion that Ekstein's comment did not violate the plaintiff's rights, and the plaintiff cannot state a constitutional claim against officers for not helping him to file a PREA complaint. The court finds that amendment would be futile and will not allow the plaintiff to file an amended complaint.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$326.67** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an

amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying

the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 31st day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**